MARY E. W. REID v. JOHN KENWORTHY.

1. STATUTE OF FRAUDS; *Insufficient Memorandum.* A written memorandum of agreement is not sufficient within the meaning of § 6, ch. 43 of the statute of frauds and injuries, which is merely a piece of paper containing the date thereof, the name of the place where written, the names of certain parties and figures, and signed by the party intended to be charged thereby.

2. MEMORANDUM, *Nature of.* While the form of the memorandum is not material, it must state the contract with reasonable certainty, so that the substance can be made to appear and be understood from the writing itself, or by direct reference to some extrinsic instrument or writing, without having recourse to parol proof.

*Error from Rooks District Court.*

ACTION brought by *Reid* against *Kenworthy*, to recover $100 damages for entering upon certain land claimed by the plaintiff, cutting down trees growing thereon, and carrying away and converting the same to the defendant's use. The defendant answered, among other things, as follows:

"*Third.* That on the 27th of March, 1879, plaintiff entered into an agreement with one George Steele, of Rooks county, Kansas, the said George Steele acting for and on behalf of this defendant, for a consideration, wherein plaintiff agreed with the said Steele, acting for defendant, as aforesaid, to allow defendant to cut down and carry away the identical wood and trees which plaintiff charges defendant with having wrongfully carried away; and agreed to give defendant until the 1st day of March, 1880, to remove said wood and trees; and that plaintiff continued to allow this defendant, according to the agreement made as aforesaid, to cut down

and carry away the said wood and trees for more than nine months, to wit, until on or about the 4th day of December, 1879.

"*Fourth.* That on or about the 4th day of December, 1879, the plaintiff forcibly restrained defendant from removing his said wood and trees from the said land, to wit, the northeast quarter of section 27, township 7, range 13, in Rooks county, Kansas; and that the plaintiff still refuses to allow defendant to remove the said wood and trees.

"*Fifth.* That by reason of the plaintiff's so refusing to allow him to remove his said wood and trees as aforesaid, from the land heretofore described, he is damaged in the sum of fifty dollars, for which sum he asks judgment against the plaintiff, with costs of suit."

Trial at the May Term, 1880, of the district court, and verdict and judgment for the defendant. The plaintiff brings the case here. The facts appear in the opinion.

*R. G. Hays,* and *C. H. Finn,* and *McNulty & Johnson,* for plaintiff in error.

*Barnes & Denney,* and *Woods & Smith,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: Two questions are presented in this case: First, whether the proper foundation was laid for the introduction, by secondary evidence, of the contents of a certain memorandum, or written instrument, alleged to have been executed by plaintiff on or about March 27, 1879; second, whether such instrument, or memorandum, took the case out of § 6 of the statute of frauds. Upon the trial, after the plaintiff had introduced her evidence, and rested her case, the defendant produced A. L. Patchen as a witness in his behalf, who testified as follows:

"I was present at the time the deed was made from Steele to plaintiff for the land in question. At or about the same time, there was a paper made respecting some timber that Steele had sold defendant and others, on the land in question. I do not know whether it was signed by either of the parties. I did not see the names on the paper. I am a lawyer, and wrote the paper myself. It was left with me; I placed it in

my desk. I have searched there for it twice or three times; once when called for by the parties claiming to own the timber, and once or twice since. I looked through my desk not long before court, and have failed to find it. I have no way of knowing what became of it. The instrument of writing, as I remember it, was about as follows: The date was on it, with the words, Stockton, Rooks county, Kansas; then followed the names of some three or four parties to whom Steele had sold timber. It contained nothing except the date, the words Stockton, Rooks county, Kansas, followed by the names of three or four parties. There were no obligatory words in the writing. You could not tell by the contents that it was intended for a reservation of timber. The only words there were the names of three or four parties I spoke of, and the words Stockton, Kansas, with the date at the top. The word timber was not on the paper. I did not see Mrs. Reid's name on the paper."

The defendant then produced Olin Hall as a witness, who testified:

"I was the agent of Mr. Steele in selling the land to plaintiff. I was present when the deed was made; also took the paper over to the hotel, where the plaintiff was sick in bed; I handed her the ink and pen from the stand, and she signed it sitting up in bed. I did not know what was in the paper; do not know whether the defendant's name was on the paper or not. I took Mr. Reed, the husband of the plaintiff, who was her agent, out to see the land. Mr. Steele went along, and pointed out some timber. I think I saw some marks or blazes on the trees."

Upon this evidence, we think the showing was sufficient to permit secondary evidence of the contents of the memorandum to go to the jury, if the memorandum itself had been competent evidence. In our opinion, however, the memorandum was not sufficient to take the case out of the statute, and if the original had been produced in court, we do not think it ought to have been received in evidence. It simply contained a date, the name of the place where written, the names of certain parties, and figures (not given), and was signed by the plaintiff. At least, this is all of the evidence as to its contents. The purpose of the statute in requiring an agreement to be written, or some memorandum or note thereof to be

made in writing, must have been a provision to enable parties to pursue remedies against each other for a breach of it, without the expense and uncertainty of oral testimony; therefore, unless the writing or memorandum contains sufficient matter to apprise the court of the terms and parties to the contract, the object of the statute is obviously defeated. A memorandum to be within the statute must contain the essentials of the contract, or at least sufficient portions of the agreement which the statute intends the parties shall reduce to writing. It ought to be so explicit as to at least render intelligible the extent and makers of the contract. (*Smith v. Jones*, Ga. Sup. Ct., Feb. term, 1881, 11 Rep., June 15, 1881.) In this case, the memorandum is only intelligible by having recourse to oral testimony, and as it does not set forth the terms of any contract, either by its own contents and expression, or by direct reference to something extrinsic which may render it intelligible and certain, it must be considered radically defective. The instruction of the court, that the memorandum was such an instrument as contemplated by § 6 of ch. 43, Comp. Laws 1879, was therefore erroneous; and as the record shows that the plaintiff asked the court to withdraw from the jury the contents of said memorandum, which was overruled, and as the record further shows that there was no proper definition of a memorandum given to the jury, the record discloses error. The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.