GEO. L. BRINKMAN, Respondent, v. J. F. LUHRS, Appellant.

Kansas City Court of Appeals, January 28, 1895.

1. **Frauds and Perjuries:** LOST INSTRUMENT: PAROL EVIDENCE. Where a contract for the sale of land made in writing has been lost, parol evidence of its contents is admissible; and the action on such contract can not be defeated by the loss of the instrument. The text books and authorities are examined and their conflicts settled in the above rule.

2. **Sunday Law:** APPELLATE PRACTICE: NEW TRIAL. The appellate court in this case can not consider the objection that the contract in question was made on Sunday since the abstract does not purport to present all the evidence, nor was such defense interposed in the answer, nor called to the court's attention in the motion for a new trial, or otherwise.

3. **Trial Practice:** AMENDMENT: CONTINUANCE. No error is found in the action of the trial court in refusing a continuance under the amendment of the petition, as there was no affidavit of surprise presented, nor such ground alleged in the motion for a new trial. Amendments are in the discretion of the court, which was not abused in this case.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*William J. Scott* for appellant.

(1) Parol evidence can not be offered to prove the terms of a contract, proof of which is by the statute of frauds required to be in writing. Woods on the Statute of Frauds, last edition (1884), p. 762, sec. 404, states the rule; Starkie on Evidence [9 Ed.], 589, *650, 643, *717; *Bledstyn v. Sedgwick*, Ann. 304; *Brodie v. St. Paul, etc.*, 1 Vesey Jr. 326; 1 Greenleaf on Evidence,

[14 Ed.], sec. 262, note 3, p. 337; *Cozine v. Graham,* 2 Paige, 181; *Bank v. Root,* 3 Paige, 481; *Hook v. Turner,* 22 Mo. 335; *Springer v. Kleingorge,* 83 Mo., 156–160; *Farrar v. Farrar,* 4 N. H. 195; *Storer v. Balston,* 8 Mass. 431; *Osborn v. Phelps,* 19 Conn. 63; *Elwell v. Walker,* 52 Iowa, 262; *Pitts v. Beckett,* 13 M. and W. 743; *Dwight v. Pomeroy,* 17 Mass. 321; *Wollman v. Hearne,* 7 Vesey Jr. 211; *Ballingall v. Bradley,* 16 Ill. 373. "It is the policy of the courts of Missouri to give full effect to the statute of frauds." *Delventhal v. Jones,* 53 Mo. 460; *Kennedy v. Kennedy,* 57 Mo. 73; *Thompson, Pagne & Co. v. Irwin, Allen & Co.,* 42 Mo. App. 421; citing 98 Mo. 361; *Ringer v. Holtzelow,* 112 Mo. 520; Bliss, CodePleadings, sec. 353; *Allen v. Richard,* 83 Mo. 60; *Glass v. Hulbert,* 102 Mass. 24. (2) Everything that was done about the making of this contract was done on Sunday, and, therefore, void. *Fritsch v. Heisla,* 40 Mo. 555; *Gwin v. Louis,* 61 Mo. 335; *Rosenblatt v. Townley,* 73 Mo. 536.

*Lathrop, Morrow, Fox & Moore* for respondent.

(1) The cases cited by appellant's counsel with reference to parol proof of a contract required by the statute of frauds, will not be found to bear out the contention of counsel. (2) The contention of appellant that, because the statute of frauds required the contract to be in writing, its contents could not be proved by parol, if the instrument was lost, and, that such loss would prevent a recovery does not correctly state the law. 1 Reed on the Statute of Frauds, sec. 326, *Orne v. Cook,* 31 Ill. (238), 242; *McCarty v. Kyle,* 4 Coldw. (348), 355; *Grayson v. Bannon,* 8 Watts (524), 529; *Brooks v. Dent,* 1 Md. Ch. Dec. (523), 530; *Farmer v. Simpson,* 6 Tex. (303), 307; *Jackson v. Livingstone,* 7 Wend. (139), 140; *Reid v. Kenworthy,* 25

Kan. (701), 703; *Fitzgerald v. Adams*, 9 Ga. (471), 473; *Irwin v. Irwin*, 34 Pa. St. (525), 529; Reed on Statute of Frauds, sec. 326; *Blackburn v. Blackburn*, 8 Ohio (81), 83 and 84; *State v. Eisemeyer*, 94 Ill. (96), 104; *Reed, supra*, sec. 326; *Wiley v. Mullins*, 22 Ark. (394), 395; *Scharff v. Klein*, 29 Mo. App. (549), 553.

SMITH, P. J.—This is an action to recover $600, the same being the amount of purchase money claimed to be due under an agreement in writing for the sale of certain real property situate in the state of Kansas. The petition sets out the terms and provisions of the contract, the essentials of which have just been sufficiently stated for the purpose of a proper understanding of the question which we shall presently notice. The answer contained a general denial and the plea of the statute of frauds. There was a trial before the court, a jury being dispensed with, where plaintiff had judgment and defendant has appealed. There were no declarations of law asked or given in the case. The only question of any moment which is presented by the meager record before us is, whether the court erred in permitting the plaintiff, after establishing the loss of the written instrument sued on, to make parol proof of the terms of such instrument.

The statute relating to frauds and perjuries in force in the state of Kansas, where the contract was made, was not introduced in evidence, and we may presume that it is identical with our own, which provides that no action shall be brought upon any contract made for the sale of lands, or any interest in or concerning them, unless the agreement upon which the action is brought, or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith, etc. R. S., 5186. This action is upon a written agree-

ment. The primary evidence of this agreement is the writing itself. But the plaintiff showed that the writing had been lost and could not, therefore, be produced. It results that his action must fail because of the statute, unless he can prove the terms and conditions of the lost writing by parol evidence. Parol evidence, in cases of this kind, though ordinarily secondary, may become primary by loss of that which was originally primary. Evidence which carries on its face no indication that better remains behind is not secondary. Greenleaf on Evidence, sec. 84.

And in the work just cited, it is further stated in section 558: "If the instrument is lost, the party is required to give some evidence that such paper once existed, though slight evidence is sufficient for this purpose, and that a *bona fide* and diligent search has been unsuccessfully made for it in the place where it was most likely to be found, if the nature of the case admits such proof; after which, his own affidavit is admissible to the fact of its loss. * * * Satisfactory proof being thus made of the loss of the instrument, the party will be admitted to give secondary evidence of its contents." This rule is elementary. Starkie on Evidence [10 Ed.], p. 542; Brown on Statute of Frauds, sec. 346a; Reed on Statute of Frauds, sec. 326. And it has been followed in many of the adjudicated cases. *Jelks v. Barrett*, 52 Miss. 315; *Orne v. Cook*, 31 Ill. 238; *McCarty v. Kyle*, 4 Caldw. (Tenn.), 348; *Grayson v. Bannon*, 8 Watts, 524; *Irwin v. Irwin*, 34 Pa. St. 525; *Reid v. Kenworthy*, 25 Kan. 701; *Jackson v. Livingston*, 7 Wend. 139; *Farmer v. Simpson*, 6 Tex. 303; *Fitzgerald v. Adams*, 9 Ga. 471; *Blackburn v. Blackburn*, 8 Ohio, 81; *Hunter v. Simrall*, 5 Litt. (Ky.) 62.

The defendant has cited us to a great number of authorities, but none of them touch upon the fore-

going rule. The question in none of them was the same as that in this case. In the section of Brown on the Statute of Frauds, just cited, the rule is approved, coupled with the statement, "but upon this, the decisions are conflicting." But this statement finds very little support, if any, in the four cases which are cited by him. And in Wood on the Statute of Frauds, section 404, the rule is thought to be limited to where there is no conflict in the evidence as to what the terms of the lost instrument really were. It is there further stated, upon the authority of *Ballingall v. Bradley*, 17 Ill. (not 16th as cited in the note) 373, that where there is such conflict, there can be no recovery. It will be observed, by reference to that case, that the author's conclusion finds but slight, if any, support there. The later cases in that state, of *Orne v. Clark*, 31 Ill. *supra*, and *State v. Eismeyer*, 94 Ill. 96, give full countenance to the rule as we have stated it to be at the outset.

The defendant is in error in supposing that the rule does not obtain in this state. The rulings in *Wildbahn v. Roubidoux*, 11 Mo. 659; *Hood v. Turner*, 22 Mo. 335; *Springer v. Kleinsorge*, 83 Mo. 152; *Allen v. Richards*, 83 Mo. 55, and *Bernhardt v. Walls*, 29 Mo. App. 206, are all based upon that of Chancellor Walworth in *Cozine v. Graham*, 2 Paige, 177, and subsequently repeated in *Bank v. Root*, 3 Paige, 478, to the effect that if an agreement or contract is stated in the declaration to have been made, it is not necessary to allege that it was in writing, as that will be presumed until the contrary appears. If the agreement is denied, the plaintiff must produce legal evidence of its existence. Of course, the primary or best evidence is the instrument itself, but, if that be lost, under the rule which we have stated, then secondary evidence—parol proof of its execution and terms, is admissible. The secondary evidence in such case, *ex necessitate rei*, becoming the best evidence

of which the case is susceptible. None of the cases in this state, so far as we have been able to find, are out of line with those sanctioning the rule. We are satisfied, from rather an extended examination of the authorities, that they greatly preponderate in favor of the rule as stated by Professor Greenleaf.

In permitting the plaintiff, over the objection of the defendant, to make parol proof of the essential terms and provisions of the written agreement alleged in the petition, we think the court committed no error.

Whether the undisputed evidence showed that the transaction evidenced by the agreement sued on took place on Sunday or not, we can not tell, since the abstract does not purport to present all the evidence. As far as we can discover, however, the contrary is the fact. But, be this as it may, the record does not disclose that any such defense was interposed by the answer, or otherwise, or that the attention of the court was in any way called to this supposed infirmity of the agreement, in the motion for a new trial, nor indeed in any other way. The objection is of a character that, being made here for the first time, it can have no consideration.

We can not discover any error in the action of the court in refusing to continue the cause, after having allowed plaintiff to amend his petition. There was no affidavit that defendant had been surprised or misled, presented to the court, as required by the practice act. R. S., sec. 2096. More than a month after the trial and judgment, the defendant made an affidavit alleging that he was surprised and misled by the amendment allowed to be made, which affidavit was presented at the argument of the motion for a new trial. But, on turning to that motion, we do not perceive that the action of the court in allowing the amendment is made one of the grounds therefor. So that the point can not be

noticed here.   The action of the court in allowing the amendment and permitting the plaintiff to depart from the usual order of putting in the testimony, as stated by defendant, was a matter within the sound discretion of the court and in the exercise of which there is nothing calling for our interference.   The finding of the court, having substantial evidence to support it, is conclusive on us.

Finding no error has been committed prejudicial to the defendant, the judgment must be affirmed.   All concur.