JOHN S. HARTSHORN v. SANFORD SMART.

No. 13,276.   (73 Pac. 73.)

SYLLABUS BY THE COURT.

1. CONVEYANCE—*Insufficient Description of Property.*  A written
contract for the sale and conveyance of real estate described the
land as "the southeast of twenty-five-nine, Kingman, Kansas,"
and the conveyance to be given by the vendor as an "ex tax deed
title."  *Held*, that the memorandum of sale did not satisfy the
conditions of the statute of frauds.  (Gen. Stat. 1901, § 3174.)

2. ——— *Possession as Part Performance of Contract.*  The
possession of land, to constitute a part performance of a contract
invalid under the statute of frauds, must be connected with the
contract and not referable to any other cause.

Error from Kingman district court; P. B. GILLETT,
judge.   Opinion filed July 10, 1903.   Affirmed.

*Fairchild & Calkin*, for plaintiff in error.

*George L. Hay*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. :  This was an action of ejectment brought
by defendant in error for the recovery of the posses-
sion of 160 acres of land, alleged to have been with-
held by Hartshorn.   Smart had judgment in the court
below.   He rested his title and right to recover the
land on a deed from one Griffith.   Defendant below
claimed under a contract executed by one Sample, the
agent of Griffith.   The agreement was as follows :

"KINGMAN, KAN., Dec. 1, 1900.
"Received of J. S. Hartshorn fifteen dollars ($15),
part payment for a good and sufficient ex tax deed
title to the southeast of twenty-five-nine, Kingman,
Kansas.   The balance, $455, to be paid when the title
is so furnished by present owner.   If for any cause
the title cannot be completed the $15 is to be returned
to J. S. Hartshorn.                    C. W. SAMPLE."

The district court held that the memorandum did not satisfy the conditions of section 3174, General Statutes of 1901, relating to frauds and perjuries, the relevant part of which reads :

"No action shall be brought whereby to charge a party, . . . upon any contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them ; . . . unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized.''

It will be readily seen·that the contract does not describe the land. The only description is "southeast of twenty-five-nine, Kingman, Kansas.'' We judicially know that there are both a county and city of Kingman. Whether the property is in the county or the town is uncertain. Whether the "twenty-five-nine" refers to lot twenty-five, block nine, or section twenty-five, township nine, we can only conjecture. The words "Kingman, Kansas,'' would tend to the conclusion that the city of Kingman was meant. (*Fry v. Platt*, 32 Kan. 62, 3 Pac. 781 ; *Ross v. Allen*, 45 id. 231, 25 Pac. 570, 10 L. R. A. 835 ; *Reid v. Kenworthy*, 25 id. 701.)

In *Fry v. Platt*, supra, the memorandum did not show the nature of the deed which the vendor contracted to make, and this fact was the subject of comment by the court. Here the conveyance contracted to be given was a "good and sufficient ex tax deed title.'' This is unintelligible. To help out the agreement, parol evidence was necessary to show where the land was situated, and what kind of a deed the vendor contracted to execute and deliver.

The taking possession by plaintiff in error and fenc-

ing the land are urged by his counsel as a part performance by him, sufficient in law to validate an oral contract of sale. The proof showed that Hartshorn went into possession in 1897 under a tax-sale certificate, and that he took out a tax deed on the land in September, 1900. This action was begun in May, 1891. In Pomeroy on Specific Performance of Contracts, second edition, section 123, it is said:

"It follows, therefore, that if the possession is not connected with the contract, but is referable to some other cause; (2) or if it can be naturally and reasonably accounted for upon some supposition other than that of a contract, it will not be a part performance. (3)"

See, also, Browne on the Statute of Frauds, fifth edition, section 476.

The judgment of the court below will be affirmed.

All the Justices concurring.