No. 18,429.

C. J. VAN DOREN, *Appellant*, v. THE ALTOONA PORT-
LAND CEMENT COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

1. CONTRACT FOR SERVICES—*Oral Proposition—Petition Showed
no Acceptance—Demurrer thereto Rightly Sustained.* In an
action to recover for the alleged breach of a contract for
services the petition alleged that plaintiff made an oral propo-
sition to enter the employ of the defendant as superintendent
for one year commencing in the future, at a certain salary and
upon certain terms and conditions, including an option to pur-
chase certain shares of the stock of the defendant company;
that the defendant in writing afterwards accepted the proposi-
tion in a letter, a copy of which was attached to the petition.
The letter accepted the proposition relating·to the option on
stock, but contained no reference to the terms or substance of
any contract relating to employment. *Held,* that a demurrer
to the petition was properly sustained.

2. SAME — *Contract Embraced in Letters and Writings — Parol
Evidence Inadmissible.* While a contract may be embraced in
letters and separate writings the relations between the various
instruments must appear in the writings themselves. Parol
evidence can not ordinarily be resorted to for the purpose of
establishing such relation.

2. SAME—*Copies of Letters Incompetent Evidence.* Certain
copies of letters were properly stricken from the petition for
the reason that they were not signed by the defendant or by
any person authorized in writing by the defendant to sign
the same.

Appeal from Wilson district court; JAMES W. FIN-
LEY, judge. Opinion filed June 6, 1914. Affirmed.

*E. D. Mikesell,* of Fredonia, for the appellant.
*C. W. Shinn,* of Neodesha, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action in the district court was to
recover $1250, which the plaintiff claims is due him
on account of having been wrongfully dismissed by the

defendant as its superintendent in violation of the terms of the contract of employment. The errors complained of relate to the pleadings. The court sustained a demurrer to the fourth amended petition. The plaintiff elected to stand upon the petition, and judgment was rendered in favor of the defendant, from which plaintiff appeals. By agreement of the parties and consent of the court a motion to strike out certain portions of the third amended petition was resubmitted and reargued with the demurrer, in order that the ruling thereon sustaining the motion might be considered in this appeal.

The petition alleged that on the 2d day of January, 1910, the plaintiff and defendant through its president and agent T. A. Parker, had a meeting at which the plaintiff orally proposed to enter the employ of the defendant as superintendent for one year commencing April 1, 1910, at a salary of $5000 per annum, and was to be furnished with a residence near the plant and with light, fuel, water and conveyance to and from the plant to the towns of Benedict and Altoona, and was also to have an option to purchase 250 shares of the common stock of the defendant company at $30 per share; that on January 14, 1910, the defendant in writing accepted plaintiff's proposition in a letter, a copy of which, marked "Exhibit A," was attached to and made a part of the petition; that thereafter, on the 15th day of January, the plaintiff in writing answered the defendant's written acceptance by a letter, a copy of which, marked "Exhibit B," was also attached to the petition; that afterwards the plaintiff met with the board of directors and executive board of the defendant company at its offices in Kansas City, Mo., at which time the executive board duly ratified and confirmed the action of the president of the company in employing the plaintiff, but that the secretary of the defendant failed or neglected to make any record in the minute books of the company showing such ratification. Attached to

the petition there was also a copy of a letter marked "Exhibit C," purporting to have been written by T. A. Parker and two other individual members of the board of directors of the defendant company, which the petition alleged was written for and on behalf of the defendant. Copies of other correspondence between the plaintiff and the defendant were likewise attached to and made parts of the petition. On the motion of the defendant the court ordered these exhibits stricken from the petition, and this is the first error complained of. "Exhibit A," which is the letter upon which the plaintiff principally relies, reads as follows:

"ALTOONA PORTLAND CEMENT CO.,

KANSAS CITY, MO., Jan. 14, 1910.

*"Mr. C. J. Van Doren, Chanute, Kansas.*

"DEAR MR. VAN DOREN: After consulting several members of our board of directors have decided to accept your proposition and I herewith offer you an option 'for one year from the time you take charge of our plant' on 250 shares of the common stock of our company at $30.00 per share, said option not to extend beyond April 1st, 1911.

"Other conditions to be as talked over when you were in the city before. Now Van I have practically told the other members of Board that I could secure your services on these conditions and I certainly do not want you to disappoint me. Furthermore I should like very much to have your decision prior to Wednesday the 19th as on that date we hold our annual meeting. If possible I should like also for you to be in the city on the 19th that our full board may have the privilege of meeting you.

"Seriously Mr. Van Doren I feel that we should take this matter up and settle it at once for I have counted on you for so long and we have come so near an agreement, and we have practically accepted every proposition that you have made. I feel that you should take this matter up with your people and tell them that they must let you off, at latest by the 1st of April. Should they decide to let you off at once, or within 30 days, all the better.

"Kindly let me hear from you by return mail or better still in person, and very much obliged.

Yours very truly,

ALTOONA PORTLAND CEMENT CO.,

T. A. PARKER, *President.*"

"Exhibit B" is a copy of a letter dated January 15, written by the plaintiff to the defendant, in which the plaintiff says:

"I have your favor of January 14th, and I note we have come together on the stock proposition, and I have decided to take the matter up with Mr. Hill at once, and I do not feel that there is any doubt but I will be successful in securing my release."

He was then in the employ of Mr. Hill. It is quite obvious from a reading of these two letters that the minds of the parties at that time had met on the stock proposition alone. (*Hayes v. Possehl,* post.)

"Exhibit A," it is clear, accepts only the proposition relating to an option on stock, and contains suggestions that the plaintiff should take up the other matter and settle it at once and inform the defendant not later than April 1. It states in so many words that the parties "have come so near an agreement"; but the entire letter negatives the idea that it was intended as an acceptance of a proposition to enter the employment of the defendant. It contains no reference whatever to the salary to be paid the plaintiff, nor any specific reference to the other matters which the plaintiff claims were included in his oral proposition with respect to the additional compensation he was to receive.

"Exhibit B" was likewise properly stricken from the petition, for the reason that it was not signed by the defendant or by any person authorized by it. It was written subsequent to the time of the making of the contract as alleged in the petition. It was therefore redundant and irrelevant matter.

"Exhibit C" was signed by individuals; not by the defendant nor any person authorized in writing by the

·defendant to sign it.  The defense to this action and the decision of the court was based upon the provisions of the statute of frauds.  The alleged contract was for services not to be performed within one year from the time of the making of the contract, and therefore was required to be "in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing."  (Stat. of Frauds, § 6, Gen. Stat. 1909, § 3838; *Ross v. Allen,* 45 Kan. 231, 25 Pac. 570; *Guthrie v. Anderson,* 47 Kan. 383, 28 Pac. 164; *Adams v. Carlton,* 77 Kan. 546, 95 Pac. 390, and cases cited.)

In *Reid v. Kenworthy,* 25 Kan. 701, it was said:

"While the form of the memorandum is not material, it must state the contract with reasonable certainty, so that the substance can be made to appear and be understood from the writing itself, or by direct reference to some extrinsic instrument or writing, without having recourse to parol proof."  (Syl. ¶ 2.)

It is true that a contract may be embraced in letters and separate writings.  The evidence of it may be gathered from several writings, but the rule is well settled that the relation between the various instruments must appear in the writings themselves.  Parol evidence can not ordinarily be resorted to for the purpose of establishing the relation between different writings.  (*Ross v. Allen,* 45 Kan. 231, 25 Pac. 570.)  For substantially the same reasons, the court rightly sustained the demurrer to the fourth amended petition.  It alleges the making of the oral proposition by the plaintiff on the 2d day of January, 1910, to enter the employ of the defendant for a term of one year commencing on April 1, upon conditions and terms at that time stated by him, and that on the 14th of January the defendant accepted his proposition in writing, as shown by "Exhibit A," which is the same as that referred to in the former part of this opinion.  This is the only acceptance relied upon in the petition, and as the letter of

Laffery v. Gypsum Co.

.January 2 can not be considered as an acceptance of any proposition to enter the employ of the defendant, and contains no reference to the terms of the alleged contract, the petition failed to state a cause of action. The essential terms of the contract must be set forth in the writing signed by the party to be charged therewith, in order to satisfy the statute of frauds. None of the conditions or terms of the alleged agreement is set forth in the writing relied upon as an acceptance. The letter shows that the defendant was quite anxious that the plaintiff should enter its employ, provided the parties could reach an agreement and the plaintiff was able to secure his release from a contract of employment with other parties. While the form of the writing is not material, the rule is that it must state the contract with reasonable certainty, so that the substance can be made to appear and be understood from the writing itself, or by direct reference to some extrinsic instrument or writing, without having recourse to parol proof. (*Reid v. Kenworthy,* 25 Kan. 701; *Schneider v. Anderson,* 75 Kan. 11, 88 Pac. 525.)

For the reasons stated, it is apparent that the judgment must be affirmed.