No. 20,204.

H. M. WITT, *Appellee*, v. EDWARD D. BOOTHE, *Appellant*.

SYLLABUS BY THE COURT.

1. VENDOR AND PURCHASER—*Purchase of Real Property—Oral Contract Partly Performed—Statute of Frauds no Defense.* A purchaser of real property under an oral contract, who pays a part of the purchase price, takes possession of the property under the contract, and retains possession until the commencement of an action against him for the recovery of the balance of the purchase price, can not defeat that action by setting up the statute of frauds.

2. SAME—*Warranty Deed—Balance on Previous Contract—Recovery.* The purchaser of a tract of land who obtains a deed therefor is entitled to receive the unpaid purchase money outstanding on a previous contract for the sale of the land by the grantor in the deed to a third person.

3. JUDGMENTS—*Personal—Wife Not a Party—Homestead.* A personal judgment may be rendered in an action against a defendant whose wife is not a party, although the claim on which the judgment is rendered is one against which there is no homestead exemption.

4. PLEADINGS — *Petition — Failure to Allege Tender of Deed — Defect Cured by Judgment.* A defect in a petition in not alleging a tender of a deed is cured by judgment requiring the plaintiff to deposit a deed before judgment is rendered.

5. APPEAL AND ERROR—*Installment Notes—Judgment on Installments Not Due—Error.* It is error to render judgment for the entire unpaid purchase price of real property payable in installments, when only a part of the installments are due and there is nothing in the contract of sale accelerating future payments.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed July 8, 1916. Modified.

*I. O. Pickering*, of Olathe, for the appellant.

*S. D. Scott*, of Olathe, and *M. J. Burke*, of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment for the balance of the purchase price for the sale of real property. The defendant appeals.

The petition alleges that in March, 1910, Adam Dailey ver-

bally agreed to sell and convey to the defendant certain real property for the sum of $1250, to be paid $20 each month for eight months and thereafter $10 per month, with interest, until the full sum was paid; that about the time of making the contract the defendant took possession of the property; that he paid $450 on the principal and $178.65 as interest; that default had been made in the monthly payments since April, 1913; that thereby the whole sum remaining unpaid, $800, became due and payable; that in 1913 Adam Dailey conveyed the property by warranty deed to the plaintiff, who brings the action to recover the $800 due on the contract. Attached to the petition is an alleged copy of a written contract between Adam Dailey and the defendant for the sale of the lot by Dailey to the defendant for the sum of $1250 with conditions providing that on default by Boothe in making payment, in paying taxes and insurance, possession of the property and the amount paid should be forfeited; and for the acceleration of payments in default at the option of Dailey; and providing that on full payment Dailey would convey the property to Boothe by good and sufficient deed of general warranty. This contract was not dated, and was not signed by either Dailey or Boothe. There was no allegation in the petition of any offer or tender of a deed by either the plaintiff or Adam Dailey to the defendant, on payment of the balance of the money.

The defendant demurred to the petition on the ground that the plaintiff was not a party in interest and had no capacity to sue; that the action was brought to charge the defendant upon an agreement for the sale of real estate which was not in writing nor signed by the party so charged; that the action was upon a verbal contract which was not to be performed within one year from the making thereof; and that the petition of the plaintiff did not state facts sufficient to constitute a cause of action. The demurrer was overruled.

On the trial Adam Dailey testified in substance as follows:

"I know the defendant, Boothe; had a business transaction with him in March, 1910; I sold him the lot in Westport Annex, this county, for $1250; a written contract was afterwards prepared by my niece who took it over for Mr. Boothe to sign; he did not sign it. After I sold him this property Boothe took possession I think in March, 1910, it was about a week after the sale. Boothe continued to make payments on the property for about three years; he paid $460. Sometimes he got behind and

sometimes he paid up. He paid $20 per month for the first eight months, after which he was to pay $10 per month. I sold my equity in the place to Mr. Witt the 27th or 28th of June, 1913. There were three months' payments due when I sold to Mr. Witt. Witt went down to look at the house before he bought it and I told Boothe I had sold it to Witt. I told him to make his payments to Witt; he said, 'I don't owe Witt anything.' "

It does not appear when the written contract was prepared. It was presented to the defendant's wife two years after the defendant had taken possession of the property. The defendant testified in substance as follows:

"My name is Edward D. Boothe; I reside in Westport Annex, Johnson county, Kansas. I have a family; wife and children. I know Adam Dailey and his handwriting (witness shown paper). The signature to that paper is that of Adam Dailey, same is marked Exhibit 'A' by stenographer. (31.) I had a business transaction with Dailey on March, 1910. I made an agreement to purchase this property and paid $5 down and told him I would bring the other $15. I got a receipt for the $5. Witness shown paper exhibit 'A' (45); that is the receipt he gave me at that time. There was never any contract or agreement between Mr. Dailey and me for the sale of that Lot 126, Westport Annex, Johnson county, Kansas, except that receipt. I never agreed to pay the taxes or insurance on the property. I never made any contract or agreement with Dailey that in case I failed to pay any one of the payments he might declare the contract void and the whole $1250 due. Mr. Dailey knew when we took possession of the property; he knew I was a married man and that we took possession and occupied the house as our homestead. I never paid any money or authorized any one to pay any money to Mr. Witt on my purchase of the property from Mr. Dailey."

The receipt named by the defendant as "Exhibit A" reads as follows:

"Rosedale, Kansas, March 19, 1910. Received of Edward D. Boothe, five dollars, payment on house in Westport Annex. Balance $20 month for eight months, balance $10 a month at 6% interest. Take charge April 10, 1910. Adam Dailey."

There was no evidence to show that the purported written contract attached to the petition was intended to be signed by either Adam Dailey or the defendant, or that it embodied the verbal contract that was entered into by them. Three monthly payments were in default when this action was commenced.

1. The defendant insists that the statute of frauds prevents any action from being maintained on this contract. The written contract on which the plaintiff seeks to recover was not signed by Adam Dailey or the defendant. It does not

appear that it set out the contract that was entered into by the parties at the time the transaction was had. The written contract does not comply with the statute of frauds. No action can be maintained on it alone. The receipt given by Adam Dailey does not comply with the statute. (*Fry v. Platt,* 32 Kan. 62, 3 Pac. 781; *Brundige v. Blair,* 43 Kan. 364, 370, 23 Pac. 482; *Ross v. Allen,* 45 Kan. 231, 25 Pac. 570, 10 L. R. A. 835; *Hartshorn v. Smart,* 67 Kan. 543, 544, 73 Pac. 73; *Van Doren v. Cement Co.,* 92 Kan. 470, 474, 141 Pac. 560.) The defendant paid part of the purchase price, went into possession of the property, remained in possession until the commencement of this action, and then made other payments on the purchase price. It does not appear that he made any improvements on the property or did anything other than to pay part of the purchase price and go into possession. The defendant seeks to retain possession of the property and at the same time defeat the plaintiff in the recovery of the balance of the purchase price. If he can accomplish this by reason of the statute of frauds he perpetrates a fraud on the plaintiff by getting the property at less than half he agreed to pay for it. Such a result is not contemplated by the statute of frauds. There are a number of decisions of the courts of this country holding that the delivery of possession of real property sold under an oral contract is sufficient to take the contract out of the operation of the statute of frauds. These authorities will be found collated in notes in 3 L. R. A., n. s., 790, and in 8 L. R. A., n. s., 870. In the present case there was more than the delivery of possession. There was payment of part of the purchase price and retention of possession. In *Smethers v. Lindsay,* 89 Kan. 338, 131 Pac. 563, it was stated in the syllabus that part performance and possession take an oral contract for the sale of real estate out of the operation of the statute of frauds. There are numerous authorities holding that part payment and possession are sufficient. (*Bentley et al. v. Barnes,* 162 Ala. 524, 50 South. 361; *Chamberlain v. Robertson,* 31 Iowa, 408; *Bomier v. Caldwell,* 8 Mich. 463; *Tatum v. Brooker,* 51 Mo. 148; *Adair v. Adair,* 78 Mo. 630; *Walker v. Owen,* 79 Mo. 563; *Lipp v. Hunt,* 25 Neb. 91, 41 N. W. 143; *Ashmore v. Evans,* 11 N. J. Ch. 151; *Biden v. James,* 3 N. Y. St. Repr. 734; *Admr. of Pike v. Morey,* 32 Vt. 37; *Middleton v.*

*Selby,* 19 W. Va. 167; *Blanchard v. McDougal,* 6 Wis. 167; 36 Cyc. 654.) The defendant can not defeat the plaintiff in his action for the recovery of the balance of the purchase price by setting up the statute of frauds.

2. The defendant argues that the plaintiff, by his warranty deed from Adam Dailey, did not acquire the right to recover the balance of the purchase price of this land from the defendant. The deed is not set out in the abstract. Presumably it is an ordinary warranty deed. It transfers to the plaintiff at least such rights as Adam Dailey had in the land. Dailey's interest in the land was his right to look to it for the recovery of the balance of the purchase price. That is all that he could convey by his deed. That much he did convey to the plaintiff. (*Laughlin v. North Wisconsin Lumber Co.,* 176 Fed. 772; *Ten Eick v. Simpson,* 1 Sandf. Ch. [N. Y.] 244; *Southern B. & L. Ass'n. v. Page et al.,* 46 W. Va. 302; *Dickey v. Lyon,* 19 Iowa, 544; *D'Wolf v. Pratt et al.,* 42 Ill. 198; *Shenners v. Pritchard and another,* 104 Wis. 287, 80 N. W. 458; 39 Cyc. 1664.)

3. It is contended that this property is the homestead of the defendant and his wife, and that judgment can not be rendered against him because his wife is not a party to the action. The judgment rendered is a personal judgment against the defendant. So far as the abstracts show, it is as follows:

"It is therefore now by the court considered, ordered and adjudged that the plaintiff, H. M. Witt, recover of and from the defendant, Ed. Booth, the sum of $832.40 with interest at the rate of .... per cent per annum and costs in this action taxed at $.... for which let execution issue."

Nothing is said about any homestead or any lien or any sale of any property. Such a judgment can be enforced by ordinary execution. If an execution is levied on the defendant's homestead, his wife's right in that homestead can then be protected, if she has any. (*King v. Wilson,* 95 Kan. 390, 148 Pac. 752.)

4. The defendant insists that an action to recover the entire remainder of the purchase price can not be maintained by the plaintiff without a tender of a deed for the property to the defendant. The court, in rendering judgment, required the plaintiff to deposit in court a deed conveying the real property to the defendant, to be delivered to him on payment of the

judgment and costs. This protected the rights of the defendant, so far as the tender of a deed is concerned.

5. The last contention is that the plaintiff is not entitled to recover more than the installments due at the time the action was begun. Judgment was rendered for the full amount of the indebtedness. Part of this was not then due. There was nothing in the oral contract, as established by the evidence, to indicate that there was to be any acceleration of payments upon any default. Under these circumstances, the plaintiff was not entitled to judgment for more than the amount that was due at the time the action was commenced.

The cause is remanded, with directions to the trial court to enter judgment in favor of the plaintiff for the amount due at the time of the commencement of the action, and to set aside that part of the judgment directing the delivery of the deed deposited upon payment of the amount of the judgment.