### DAY v. FERGUSON et al.

No. 17646.    Opinion Filed Nov. 22, 1927.

Rehearing Denied Jan. 24, 1928.

(Syllabus.)

1. Contracts—Action for Breach—Sufficiency of Petition Aided by Exhibits to Allege Contract.

A demurrer to a petition for breach of contract for the reason that no contract is alleged, is properly overruled where the allegations of the petition, together with telegrams and letters attached as exhibits, taken together, tend to show that the minds of the contracting parties met on all material things necessary to the contract.

2. Same—Theatres and Shows—Action by Show Company Against Owner of Theatre for Breach of Contract—Defensive Evidence as to Incompetency of Orchestra Properly Excluded.

Where the plaintiff and defendant are equally responsible for the employment of an orchestra, evidence, offered by the defendant, that the orchestra damaged her theatre is properly excluded.

3. Appeal and Error—Harmless Error—Instructions.

An instruction given which is not supported by any competent evidence, even

though it be an incorrect statement of the law, is harmless error unless it clearly appears that the party complaining was injured thereby.

Commissioners' Opinion, Division No. 1.

Error from District Court, Comanche County; E. L. Richardson, Judge.

Action by A. G. Ferguson and another, partners, against Margaret Day. Judgment for plaintiffs, and defendant appeals. Affirmed.

Black & Black and Stevens & Cline, for plaintiff in error.

J. A. Diffendaffer and John W. Tyree, for defendants in error.

FOSTER, C. This appeal is brought from the district court of Comanche county in an action on a contract to reverse a judgment in favor of plaintiffs, and defendant appeals.

The plaintiffs below were partners conducting a dramatic show, and the defendant below was the owner of the Dome Theatre at Lawton. The petition alleges that plaintiffs and defendant entered into a contract by letters and telegrams whereby the plaintiffs were to furnish a stock company consisting of eight people and put on programs at the Dome Theatre for four weeks beginning February 11, 1925, the receipts to be divided equally, with a guarantee to plaintiffs of $325 a week. All of the letters and telegrams are attached to plaintiffs' petition as exhibits.

It is alleged that the defendant, without cause, canceled the contract after plaintiffs had put on shows for about 11 days, and that by reason thereof plaintiffs were damaged in the sum of $1,752.52 as actual damages and $1,500 as punitive or exemplary damages.

A demurrer to the petition was filed, which was overruled and exceptions saved, and the defendant thereafter filed her answer in which she denied generally the allegations in the plaintiffs' petition, but admits that a contract was entered into, but was not the same as set up in plaintiffs' petition, and that the contract was not carried out in good faith, and that she was damaged in the sum of $400 on account of the loss of business and reputation to her theatre. A reply in the nature of a general denial was filed, and thereafter, without any order or permission, the defendant files an amended and supplemental answer in which she alleges, in addition to the things set out in her original answer, that the plaintiffs caused her great annoyance, in-

creased expense, and loss of business to her injury in the sum of $1,000; that the plaintiffs did not bring experienced actors, did not furnish a music director, and that there were certain objectionable features in their performances, and praying for a judgment against plaintiffs in the sum of $1,000. No reply was filed to this amended and supplemental answer, but both parties proceeded to trial before a jury without any objection.

The letters and telegrams exchanged between plaintiffs and defendant are as follows:

"Jan. 15, 1925.

"Manager Dome Theatre, Lawton, Okla. Can offer Ferguson Bros. stock company open first week Feb. 4 weeks or longer three bills a week terms fifty-fifty guarantee company share three hundred and seventy-five dollars each week eight people address Stratford Hotel Ferguson Bros"

"Jan. 16, 1925.

"Ferguson Stock Co., Stratford Hotel, Houston, Tex. Can use your bill opening Feb, eleventh as per letter. Dome Theatre"

"Jan. 16, 1925.

"Ferguson Stock Company, Houston, Texas. Gentlemen: As per my wire of to-day, I could book you for 4-weeks starting Feb. 11th on condition I do not have to spend too much money to run your show. This house has not taken in less than from $1,000, $700 per week for many months, we are a picture house, and could not stop the matinees, therefore, it would be necessary to use pictures, or you give two shows daily, to keep my people, I do not know whether that would pay you or not. Also, we have only two men at present, both, who are good on the stage, but cannot for one month's time, build scenery. If you have some scenery of your own we could perhaps get along with what we have, which will have to be done if I book you. I take it you have a music director. Now, in a nutshell, if you care to come with the above accommodations. two stage men, scenery on hand, with a $300 guarantee per week, let me know. We have two new drops, cloth, purple and green since you were here. Yours truly, Margaret Day"

"Jan. 18, 1925.

"Margaret Day, Manager Dome Theatre, Lawton, Okla. Returned from Dallas wire received everything OK open February eleventh terms fifty-fifty guarantee company's share three hundred and seventy-five dollars per week four weeks or longer three bills a week eight people have a one lobby display advise amount of billings required immediately by wire stratford hotel. Ferguson Bros"

(Above telegram sent in reply to wire of Jan. 16th and before above letter of Jan. 16th was received.)

"Jan 20, 1925.

"Margaret Day, Dome Theatre Lawton, Okla. Letter just received two stage hands scenery on hand satisfactory. We carry special scenery can decide on matinees on arrival you furnish pictures as per letter four weeks engagement starting Feb. 11th. Terms fifty-fifty guarantee company share on each week three hundred and twenty-five dollars. This is the lowest remember we have a big jump to Lawton. Ferguson Bros"

"Jan 21, 1925.

"Ferguson Bros., Stratford Hotel, Houston, Tex. Can use four weeks as wire Jan twenty and letter mail contract. Margaret Day"

"Jan 22, 1925.

"Margaret Day, Dome Theatre, Lawton, Okla. Will be there for opening date letter follows. Ferguson Bros"

All of these letters and telegrams were attached to plaintiffs' original petition, except the telegram of January 22nd, and all were introduced in evidence and admitted by both parties. The wire of January 22nd was introduced at the trial, and, by permission of the court and without objection, the petition was amended to include the last mentioned telegram.

The testimony disclosed that, pursuant to said letters and telegrams, the plaintiff company came to Lawton, and, by an oral agreement between the plaintiffs and defendant, a "jazz" orchestra was employed to play during the performance of the plaintiffs; the expense of the orchestra to be divided equally between the plaintiffs and defendant, each paying $75 per week. Under this arrangement, the show opened and continued for about 11 days, at which time the defendant refused to allow the orchestra to play and a dispute arose on which the testimony is conflicting, but apparently the plaintiff company signified its intention of not continuing the show unless the orchestra was retained as per contract. The defendant thereupon turned out the lights and pulled down the curtain so that the plaintiff company could not perform longer. There is also some testimony that defendant put a sign on the outside of the theatre that there would be no show.

There is a conflict in the testimony as to the conditions under which the orchestra was employed, the plaintiffs contending that if it were satisfactory the first night, it was to remain the entire length of the contract, and the defendant contending that she had a right to discharge it after the first week. There is also a conflict in that defendant claims she objected to the orchestra from the very beginning, while plaintiffs contend that no objection was made until the date that defendant turned out the lights and pulled down the curtain and refused to allow plaintiffs to continue their performance.

The plaintiffs were permitted, over objection of the defendant, without presenting any books or accounts, to show the amount they were damaged by the alleged cancellation of the contract. They secured employment at another picture show for part of the remaining unexpired time of the original contract. The defendant was not permitted by the court to introduce testimony concerning the damage to her theatre by reason of the "jazz" orchestra for the reason that she was equally responsible for its employment.

The defendant sets up in her motion for a new trial, and in her specifications for error, nine grounds for reversal, which we believe can be considered under the following propositions:

(1) That the court below erred in overruling the demurrer of the defendant to the plaintiffs' petition.

(2) That the court erred in admitting testimony on behalf of the plaintiffs and in sustaining objections to testimony offered on behalf of defendant.

(3) That the court erred in overruling the demurrer of the defendant to the plaintiffs' testimony.

(4) That the court erred in giving instructions numbered 3, 4, 6, and 8.

The defendant contends that the demurrer to the plaintiffs' petition should have been sustained by the court for two reasons: First, that the exhibits attached to the plaintiffs' petition do not constitute a complete contract; and second, that the allegations of the petition are not sufficient, in that they do not state the substance of the exhibits attached.

It is well settled that letters and telegrams may constitute a complete contract, but they must be complete within themselves. Halsell v. Renfrow, 14 Okla. 674, 78 Pac. 118; Heacock v. Kniesley, 101 Okla. 135, 224 Pac. 184.

No contract is complete without the mutual assent of all the necessary parties to all of its terms. So long as the negotia-

tion remains open neither party is bound; the one may decline to accept, or the offer may be withdrawn by the other. The offer of acceptance, on modified or added terms, would be a new or counter proposal, and would require an acceptance, according to its terms, before it could be said that a contract had been made. The consent must be mutual, and consent is not mutual unless the parties all agree upon the same thing in the same sense. Atwood v. Rose, 32 Okla. 355, 122 Pac. 929; Smalley v. Bond, 92 Okla. 178, 218 Pac. 513, and many other cases.

Both parties agree that the general rule substantially as herein stated is the proper one to apply to the case at bar. The only question presented by the demurrer is whether or not the letters and telegrams attached to the petition, together with all the allegations of the petition—not inconsistent with the letters and telegrams—constitute a binding contract.

Exhibits are a part of the petition when attached thereto, although they may not be required by the statute, and the allegations of the petition taken together, in connection with the exhibits attached thereto, if they state a cause of action, are sufficient to withstand a general demurrer. Rock v. Fisher, 91 Okla. 220, 216 Pac. 668; Long v. Shepard, 35 Okla. 489, 130 Pac. 131.

In determining whether or not a contract is made by correspondence and telegrams the entire correspondence must be looked into, and if a bona fide intention of both parties to come to a definite agreement is shown, it should be construed, if possible, as to constitute an agreement rather than to defeat one. Foster v. West Publishing Co., 77 Okla. 114, 186 Pac. 1083.

Under the authorities herein given, we believe the letters and telegrams referred to did constitute a binding agreement between the parties, especially in view of the fact that the plaintiffs, with the consent of the defendant, entered into their performance of the contract and put on the shows pursuant to said agreement for more than a week without objection on the part of the defendant, which clearly indicates that it was the intention of both parties that the letters and telegrams referred to should be construed as a contract concerning all things except those which were subsequently agreed to.

It is next contended that the demurrer to the petition should have been sustained, because the allegations do not set up the

period of four weeks beginning February substance of the contract, and it becomes necessary to examine the exhibits in order to determine whether the petition sets forth a contract or not. This contention is answered adversely to defendants by the case of Long v. Shepard, supra.

It is true that it has been held by some courts that it is poor practice not to allege the substance of the exhibits in the petition, but we find no court going to the extent of holding that a demurrer should be sustained where the petition, together with the exhibits, constitutes a good cause of action.

The next contention of the defendant in her brief is that the court erred in admitting certain evidence offered on behalf of the plaintiffs, and in rejecting certain evidence offered on behalf of the defendant.

The only evidence complained of in the defendant's brief, which was admitted over defendant's objection, was concerning the loss which plaintiffs suffered by reason of the cancellation of the contract, and this was objected to on the grounds that the books would be the best evidence. The court overruled the same for the reason that there was no evidence that there were any books kept, and this, we think, was correct.

Considerable testimony which was offered by the plaintiffs was objected to by the defendant and exceptions saved. However, after an examination of the testimony, most of it which was objected to was afterwards received by the court and permitted to go to the jury. The principal objections which were sustained by the court were regarding testimony as to the damage done to defendant's theatre by reason of the orchestra, which defendant claims was incompetent and caused her great loss of business and annoyance. Since it is undisputed that the plaintiffs and defendant together employed the orchestra, and that the defendant was as much responsible for its appearance as the plaintiffs, we believe the court was right in excluding testimony tending to show a damage to the defendant's theatre on account of the said orchestra.

The next contention of the defendant is that the court erred in giving the following instructions:

Instruction No. 3. "You are further instructed that the letters and telegrams introduced in evidence constitute a contract between the plaintiffs and the defendant for the plaintiffs to furnish a company of eight people to put on shows or programs at the Dome Theatre at Lawton, Okla., for a

11, 1925, the receipts from the shows or programs to be divided equally between the parties, plaintiffs and defendant, and the defendant guaranteeing to the plaintiffs an income of $325 per week, leaving open for later adjustment the matter of matinees."

Instruction No. 4. "Under the terms of this agreement it was incumbent upon the plaintiffs to furnish, for the period mentioned, a company of not less than eight people, who were reasonably competent actors, to put on shows or programs at the Dome Theatre in Lawton, Okla., except as to matinees. And if you find from the testimony that the parties later entered into an agreement concerning the matinees, the plaintiffs were obligated to furnish reasonably competent actors for such matinees, and if the plaintiffs failed to perform their obligations in these respects they are not entitled to recover in this action. But, on the contrary, if you find from the testimony that the plaintiffs have done and performed all things agreed to be done and performed by them, then and in that event the defendant had no right to breach the contract with the plaintiffs without just cause, as herein explained, the plaintiffs would be entitled to recover such damage as they may have sustained, if any, by reason of the breach."

Instruction No. 6. "You are further instructed, that the contract, if any, for the employment of an orchestra was verbal and it will be your duty to find from the evidence what the terms of that contract was, if any, and if you find it was a contract separate and apart from the original contract you are instructed that the breach of that contract would not justify a breach of the original contract."

Instruction No. 8. "You are instructed, gentlemen of the jury, to disregard the question of damages to the defendant with respect to the failure of the plaintiffs to furnish a show in compliance with the agreement for the reason that under the law and custom she had the right to cancel the agreement if it had been of an immoral nature, or of such poor grade that it would hurt her business."

While the defendant contends that all the instructions above given were erroneous, and prejudiced the rights of the defendant, she cites no authority in her brief to support the same. We have examined each of said instructions, and believe that under the facts in this case all of said instructions correctly state the law applicable to the facts in the case at bar, with the possible exception of instruction No. 8.

As to instruction No. 8, we are of the opinion that, regardless of whether it is a correct statement of the law, which we do not decide, it was at least, under any theory of the case, harmless error. There is no testimony in the record that defendant canceled the contract and discontinued the show on account of the immoral nature or poor grade of plaintiffs' performances. The only contention of the defendant at the time of the disagreement between her and the plaintiffs was in regard to the orchestra. She does not offer sufficient evidence to show that she canceled the contract because of the poor grade or immoral nature of the stock company owned by the plaintiffs, her whole contention being that the orchestra —for which she was as much responsible as the plaintiffs—was of such poor grade that it was damaging the reputation and good name of her theatre.

We are, therefore, of the opinion that the defendant was in no way damaged by any of the instructions given by the trial court.

The next contention is that the evidence is insufficient to support a verdict. While the testimony is somewhat conflicting, we believe, after an examination of the testimony, that it was amply sufficient to be submitted to a jury, and that there is ample evidence in the record to support the finding of the jury.

One of defendant's contentions is that since defendant said in her last telegram to "mail contract." no agreement was reached. We believe that a contract was entered into, and the expression of one party that, what had already been agreed to should be put in a formal contract, is not enough to invalidate the contract already existing between the parties. Western Roofing Tile Co. v. Jones, 26 Okla. 209, 109 Pac. 225.

There is also a contention in the defendant's brief that there was no reply filed to the amended answer of the defendant. The record does not disclose that the defendant ever secured permission to file her amended and supplemental answer. But even though it be considered as properly filed, the defendant, together with the plaintiffs, went to trial without any objection on account of a reply being filed, and we believe under these circumstances, waived a reply. However, a reply was filed to the original answer. In this we are supported by the case of Hutchings v. Zumbrunn, 86 Okla. 226, 208 Pac. 224.

The defendant also contends that the trial court used certain language which was prejudicial to her rights, when in the examination of the witness Mr. Wood he used the expression, "Where do you get this stuff?" While this statement may have been unnec-

essary, and perhaps uncalled for, we do not believe under all the other facts that the defendant was in any way prejudiced.

In all of the objections and assignments of error made on behalf of the defendant, no authorities are cited in her brief except in support of her first proposition, and we have carefully examined the entire record, and are of the opinion that the defendant had a fair and impartial trial, and that the cause should in all things be affirmed.

For the reasons herein set out, the judgment of the district court of Comanche county should be, and is hereby, affirmed.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 719, §831; 31 Cyc. p. 561. (2) 13 C. J. p. 773, §973. (3) 4 C. J. p. 1033, §3015; 2 R. C. L. pp. 256, 258; 1 R. C. L. Supp. pp. 480, 481; 4 R. C. L. Supp. p. 99; 5 R. C. L. Supp. p. 89.