THE JOHN S. BRITTAIN DRY GOODS COMPANY, *a Corporation*, v. C. A. YEAROUT, *Receiver, et al.*

No. 10707.

1. GUARANTOR—*unless intention clear, not bound for all future purchases without limit as to time or amount.* A guarantor, like a surety, is a favorite of the law, and his liability will not be enlarged by implication, nor will he be held for purchases made by another for an indefinite time nor to an unlimited extent, unless the intention of the guarantor to so bind himself is clearly manifested.

2. ——— *held, on facts, liable for only single purchase.* Y. purchased a stock of merchandise from a dealer who declined to ship the goods until a guaranty of payment was given. Y. obtained and sent to the dealer the following guaranty, signed by several persons: "We, the undersigned, hereby agree that we will guarantee the payment of goods purchased by C. A. Yearout, manager for the Union Co-op. Exchange Ass'n." *Held*, that the guaranty was not a continuing one, but that the liability thereon was limited to the goods which had been purchased when it was given.

Error from Greenwood District Court.  C. W. Shinn, Judge.    Opinion filed November 5, 1898.    *Affirmed.*

*J. W. Rose*, for plaintiff in error.

*Jackson & Wicker*, for defendants in error.

JOHNSTON, J.    This action was brought upon the following guaranty :

"May 27, 1893, Madison, Kansas.
"*John S. Brittain Dry Goods Company, St. Joseph, Missouri :* We, the undersigned, hereby agree that we

will guarantee the payment of goods purchased by C. A. Yearout, manager for the Union Co-op. Exchange Ass'n. C. A. YEAROUT. WILLIAM BARNGROVER. AD. JARDINIER. CHARLES H. DAY. J. J. DAWSON. W. T. CURRY.''

The association was a corporation engaged in the mercantile business at Madison, and in May, 1893, through its manager, C. A. Yearout, it negotiated a purchase of goods, on credit, from the John S. Brittain Dry Goods Company. At the time of purchase the Dry Goods Company informed Yearout that it must have the personal guaranty of at least three or four responsible farmers before it would open an account with the Association, and the goods which were then purchased were held until the guaranty upon which this action was brought had been given. It does not appear that any notice of the acceptance of the guaranty or of the furnishing of the goods to the Association was given to the guarantors. This action is not brought to recover for the goods sold in May, 1893, but for goods sold long afterward, and for which payment has not been made. In August, 1893, a bill of merchandise was sold to the Association, and at subsequent times other bills were sold, amounting in the aggregate to $4934.03. Several payments were made by the Association, and in December, 1893, it executed to the Dry Goods Company a note for four thousand dollars, signed by the manager and three of the directors, which note was received and retained by the Dry Goods Company.

The district court held, and we think correctly, that the guaranty was not a continuing one, but that only a single transaction was in contemplation by the guarantors. A contract to pay the debt of another should not be expanded beyond the fair import of its terms. A guarantor, like a surety, is a favorite of the law, and he is not held unless an intention to

bind himself is clearly manifested ; and his liability is never to be extended beyond the precise terms of his obligation. *Kepley v. Carter*, 49 Kan. 72, 30 Pac. 182.

While a guarantor should be held to every obligation fairly embraced within the terms of the instrument, yet the language should be strong and clear to justify the court in holding it to be a guaranty of all future purchases which the other party might make, without limit either as to time or amount. The language of the one in question does not indicate a purpose of extending credit for all future purchases for an indefinite time or that a succession of credits was to be given ; nor was there anything in the attending circumstances manifesting such an intention. The guaranty was for the payment of " goods purchased," and not for the payment of future purchases or transactions which might run through a series of years. The manager of the association had selected and purchased a stock of goods, but before the Dry Goods Company would deliver or ship the goods so purchased they required a guaranty. Under these circumstances the fair implication is that the guarantors only bound themselves for the goods already purchased, and that they did not intend to extend an indefinite and unlimited credit.

We find nothing substantial in the objections to the rulings on the findings, and seeing no error in the record the judgment of the district court will be affirmed.