GEORGE HAMPE, *Appellee,* v. AARON SAGE, *Appellant.*

No. 16,583.

SYLLABUS BY THE COURT.

1. CONTRACTS — *Exchange of Lands — Writing Construed.* A writing that describes itself as a contract between two parties, each of whom agrees to sell a tract of land at a stated price, and that includes a computation showing the amount of a mortgage on each tract and the cash balance to be paid by one party to the other, is fairly to be interpreted as an agreement for the exchange of the tracts on the basis stated.

2. ———— *Statute of Frauds — Memorandum — Description of Land.* The statute of frauds renders demurrable a petition declaring upon a contract for the sale of land, evidenced by a memorandum which describes it only as situated in a certain county and containing a certain number of acres, there being no allegation that it was the only land in that county owned

by the party undertaking to sell it. The pleading is not aided by an averment that such party had recently showed to the proposed buyer a tract of the size mentioned in the county referred to.

Appeal from Shawnee district court; ALSTON W. DANA, judge. Opinion filed June 11, 1910. Reversed.

*Edwin A. Austin,* and *C. E. Carroll,* for the appellant.
*J. B. Larimer,* and *A. M. Harvey,* for the appellee.

The opinion of the court was delivered by

MASON, J.: George Hampe sued Aaron Sage for damages occasioned by his refusal to carry out a contract for the exchange of lands, and recovered a judgment, from which the defendant appeals. The question involved is whether the contract was evidenced by a sufficient writing to satisfy the requirement of the statute of frauds that "no action shall be brought whereby to charge  .  .  .  any person upon any  .  .  .  contract for the sale of lands,  .  .  .  unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing."   (Laws 1905, ch. 266, § 1; Gen. Stat. 1909, § 3838.)   The writing upon which the action was brought reads as follows:

"AUGUST 20, 1907.
"This is to certify, that on the above date, this contract made between Aaron Sage, party of the first part, and George Hampe, party of the second part. Party of the first part agrees to take twenty dollars per acre for (760) seven hundred and sixty acres located in Pottawatomie county, Oklahoma, which amounts to fifteen thousand two hundred ($15,200) dollars. Party of the first part further agrees to take back a mortgage of six thousand dollars at five per cent per annum. Party of the second part agrees to take ($160) one hundred and sixty dollars per acre for 81½ acres located in Shawnee county, Kansas, which amounts to thirteen

thousand and forty dollars ($13,040). Said party of the second part further agrees to give said party of the first part a first mortgage of ($6000) six thousand dollars, with interest at five per cent per annum, on said land located in Pottawatomie county, Oklahoma; these figures are thus in full:

| | |
|---|---:|
| Party of the first part | $15,200 |
| Party of the second part | 13,040 |
| Balance due Aaron Sage | $2,160 |
| First mortgage on Hampe land | 2,500 |
| | $4,660 |
| Interest on mortgage to January 1, 1908 | 112 |
| | $4,772 |
| Amount of mortgage | $6,000 |
| Amount of mortgage and interest and difference | 4,772 |
| To be cash from Sage to Hampe | $1,228 |

"Witness this 20th day of August, 1907.

AARON SAGE.
GEORGE HAMPE."

The defendant maintains that this instrument evidences merely an unaccepted offer by each party to sell land at a stated price, neither undertaking to buy. We think, however, so far as this feature of the matter is concerned, it amounts to a completed contract. It is so designated by its own terms. By it Hampe plainly agrees to buy, for he expressly undertakes to make a mortgage on the Oklahoma land. The detailed computation showing the price of the respective tracts, the amount of the two mortgages and the cash payment to be made shows a mutual dependence between the transactions referred to, and indicates clearly that what was in contemplation was an exchange of lands and the payment in cash of the net difference between the agreed prices. (See *Richards v. Edick,* 17 Barb. [N. Y.] 260, 263, and *Jugla et al. v. Trouttet,* 120 N. Y. 21, 27.)

Other details of the agreement, not specifically covered, could doubtless be supplied by reference to the usual course of business relating to such matters (*Harrell v. Neef,* 80 Kan. 348); but the memorandum is seriously defective in failing to describe the Oklahoma

land or to state any fact beyond its acreage and the county of its location that might help to identify it. The plaintiff sought to remedy the defect by pleading and proving that the defendant had previously showed him a certain tract in Pottawatomie county, Oklahoma, containing 760 acres, and that this was the land referred to in the contract. To allow the land to be identified in this manner would be to permit an essential element of the contract to be supplied by oral evidence. If the memorandum had contained the words, after the reference to the Oklahoma land, "being the tract recently showed by Sage to Hampe," doubtless proof that a particular tract had been so showed would be permissible, and would render the written contract definite. But we are not at liberty to supply such language, and without it the case must fail.

Perhaps the fact that the plaintiff's effort to attach a definite meaning to the description falls outside of the line that has been drawn by the decisions can best be shown by a consideration of how far they have gone upon a different but somewhat related question. It is said that "where it appears from extrinsic evidence that the vendor owns but one parcel of land answering the description in the memorandum, the courts are inclined to uphold a meager description of the property." (20 Cyc. 271.) However indefinitely the property may be described, if the memorandum states that it belongs to one of the parties, and outside evidence shows that such party owns only one tract of the character indicated, the description is held to be sufficient. Thus in *White v. Breen,* 106 Ala. 159, it was said:

"The description afforded by bringing together the several letters would be, substantially: 'The three lots in Sheffield, Ala., belonging to Albert Breen, viz., the one located on Montgomery avenue and the two on Annapolis avenue'—the proof being that Breen then owned no other property in Sheffield than the lots in question. This is a sufficient description." (Page 171.)

And in *Waring v. Ayres,* 40 N. Y. 357:

"An agreement to sell and convey the farm in the town of Bath, belonging to me, is definite and certain. the moment it appears which farm in the town of Bath does in part [fact] belong to me."   (Page 361.)

Some courts have held that where a party to an agreement undertakes to convey a piece of property he by implication asserts title to it, and a recital that he is. its owner may be read into a written contract by which he agrees to sell it.   The leading case on the subject is. *Hurley & another v. Brown,* 98 Mass. 545, where it was. said:

"The presumption is strong that a description which. actually corresponds with an estate owned by the con- tracting party is intended to apply to that particular estate, although couched in such general terms as to agree equally well with another estate which he does. not own.   .   .   .   If the party who enters into the agree- ment in fact owns a parcel answering to the descrip- tion, and only one such, that must be regarded as the one to which the description refers.   With the aid of this presumption, the words '*a* house and lot' on a street where the party who uses the language owns only one estate are as definite and precise as the words '*my* house and lot' would be; a description the sufficiency of which has been placed beyond all doubt by very numer- ous authorities.   .   .   .   In both cases the same extrinsic evidence must be resorted to, by the aid of which all un- certainty is removed.   Where the words used are 'my estate' in a particular locality, oral evidence is neces- sary to show what estate the vendor did own."   (Pages. 547, 548.)

This theory was rejected in *Draper v. Hoops,* 135 Ill.. App. 388, but adopted in *Ruzicka v. Hotovy,* 72 Neb. 589.   The Massachusetts case was cited with approval and its doctrine applied by this court in *Bacon v. Leslie,* 50 Kan. 494, under circumstances thus stated in the syllabus:

"The defendant signed and delivered to the plaintiff a written contract concerning the transfer and sale of

·certain real estate. The description of defendant's land was as follows: '½ of section 7—23—7, and all of section 18—23—7, in Sycamore township, Butler county, Kansas.' *Held,* that the contract as to '½ of section 7—23—7' was not void for indefiniteness or uncertainty, but was valid, and would be specifically enforced if it were alleged in the petition, and established upon the trial, which half of 'section 7' defendant actually owned at the date of the written contract, and that at that date he owned no other land in 'section 7.' Parol evidence, in such a case, to identify '½ of section 7' owned by the defendant, is admissible."

If Hampe had pleaded and proved that Sage owned 760 acres of land in Pottawatomie county, Oklahoma, and no more, an entirely different question would be presented. Under the authorities cited, a recital that Sage owned the land which he undertook to convey can be found in the contract itself, by a liberal interpretation of its terms. Proof that he owned no other land in that county would then render the description, as so interpreted, absolutely definite. But as we can not find in the memorandum, by any liberality of construction, a statement that Sage had showed to Hampe the land therein referred to, evidence as to what land had in fact been shown could not aid the description. Parol evidence is admissible to apply the description, but not to supply it.

"If the designation is so definite that the purchaser knows exactly what he is buying, and the seller knows what he is selling, and the land is so described that the court can, with the aid of extrinsic evidence, apply the description to the exact property intended to be sold, it is enough. Parol evidence may be resorted to for the purpose of identifying the description with its location upon the ground, but not for the purpose of ascertaining and locating the land about which the parties negotiated, and supplying a description thereof which they have omitted from the writing." (29 A. & E. Encycl. of L. 866.)

The judgment is reversed and the cause remanded, with directions to sustain the demurrer to the petition.