JAMES W. COUGHLIN *et ux., Appellees,* V. JOHN LAMB *et ux., Appellants.*

No. 17,448.

### HEADNOTE BY THE REPORTER.

VENDOR AND PURCHASER—*Contract—Construction—Exchange of Real Estate.* A contract relating to the transfer of real estate construed, and held to be a single contract, by which each party, in consideration of performance by the other, intended to make an even exchange of their properties.

Appeal from Wyandotte district court. Opinion filed February 10, 1912. Affirmed.

*J. W. Perry,* and *Getty & Carson,* for the appellants.

*E. S. McAnany,* and *M. L. Alden,* for the appellees; *H. L. Alden,* of counsel.

*Per Curiam:* The appellees brought this action for the specific performance of a contract, which was signed by all the parties thereto, and which reads as follows:

"This contract made and entered into this day by and between John Lamb and his wife Mattie Lamb, parties of the first part, and of the County of Wyan-

dotte, State of Kansas, and J. W. Coughlin and his wife Sophia P. Coughlin of Armourdale, Kansas, parties of the second part, WITNESSETH, That for and in consideration of sixty-five hundred (6500) dollars, party of the first part has this day bargained and sold, and by these presents do grant bargain sell unto the party of the second part, the following described real estate towit:

"The north 1-2 of the northeast 1-4 of Section 8, Township 10, Range 23, in the County of Wyandotte, State of Kansas, containing 80 acres more or less.

"Party of the second part has this day bargained and sold, and by these presents do grant, bargain and sell unto the party of the first part the following described real estate, to-wit:

"Lots Nos. 9 in Block 34, Lot No. 11 in Block 33, Lot No. 12 in Block 88 and Lot 19 in Block 89 of Armourdale, State of Kansas, the same to be for the price and sum of Six Thousand Five Hundred (6500) Dollars.

"It is agreed and understood that possession of both properties in this contract are to date from April 1st, 1909, except as regards one property, for which Mr. Lamb is to receive rent from Mar. 14th. Both parties to this contract hereby bind and obligate themselves to deliver within 10 days from this date, full and complete abstract of title to date, and to place in the hands of the Pioneer Trust Company for delivery on April 1st, a sufficient Warranty Deed to all properties herein concerned. It is also agreed and understood that insurance upon all the properties owned by the said J. W. Coughlin and wife are to be transferred without cost to said Lamb and his wife, and that peaceable and quiet possession are to be rendered on above mentioned date, and both parties to this contract bind and obligate themselves to deliver all properties herein mentioned in as perfect condition as they are now, usual wear and tear alone exempted. Both parties bind themselves to deliver all properties free and clear of all incumbrances, including taxes for the year 1908."

The clear intent of the contract, from the language used, is that appellees and appellants agreed to exchange properties. The contentions of appellants are based upon the assumption that two independent con-

tracts are set forth, in each of which one of the parties agreed to sell, and in neither of which did the other party agree to buy; in short, that each party contracted to give the other an option to buy their real estate, described. (*Hampe v. Sage,* 82 Kan. 728, 109 Pac. 406.)

We construe the contract, as evidently the trial court did, according to the evident intent of the parties, viz.: as one contract, by which each party, in consideration of the performance on the part of the other, undertook to convey their described property to the other party— an even exchange of properties. With this view of the contract, there is no question presented that requires discussion.

The judgment is affirmed.