No. 24,881.

A. W. WING, *Appellant*, v. A. MOLLETT, *Appellee.*

SYLLABUS BY THE COURT.

CONTRACT—*Specific Performance—Contract Indefinite and Uncertain—Within Statute of Frauds.* In order to maintain an action for the specific performance of a contract required by the statute of frauds to be in writing, it is essential that the contract, with all its terms and conditions, be sufficiently definite and certain, or that they can be made definite and certain by reference to other data.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed January 12, 1924. Affirmed.

*C. T. Atkinson,* and *Tom Pringle,* both of Arkansas City, for the appellant.

*William S. Cline,* and *William H. Cline,* both of Newkirk, Okla., for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one for the specific performance of a contract for the purchase of real property and for $1,000 dam-

ages for failure of the defendant to comply with the contract. A demurrer to plaintiff's petition was sustained and plaintiff appeals.

The contract reads:

"Sept. 18, 1922, Arkansas City, Kansas.

"Part payment $3800.00 on property 810 No. 5th Street. Balance to be paid as follows $800 cash and assume a note of $500 held by Charley Wing. Balance to be paid in the building and loan or to be paid in monthly payments not to exceed $40.00 monthly, including 8 per cent interest. Possession to be given within thirty days.          "A. W. WING, *Party of the first part.*
                                              "A. MOLLETT, *Party of the second part.*"

It is the contention of defendants that the plaintiff is not entitled to recover on the alleged contract because the same is indefinite and uncertain as to consideration, as to its terms, as to parties, and as to subject matter.

The rule as to definiteness and certainty of contracts is stated thus in 6 Ruling Case Law, 643 and 644:

"The question whether a contract is definite or certain presupposes the formation of the contract. Where the parties have left an essential part of the agreement for future determination, it is no doubt correct to say that the contract is not completed. But, notwithstanding the fact that the parties have agreed as to everything with respect to which they intended to agree, the contract may still be expressed in such an indefinite manner that it is incapable of being enforced. It is said to be an elementary rule that in order that a contract may be enforceable the promise or the agreement of the parties to it must be certain and explicit, so that their full intention may be ascertained to a reasonable degree of certainty. Their agreement must be neither vague nor indefinite, and, if thus defective, parol proof cannot be resorted to. The contract must be certain and unequivocal in its essential terms either within itself or by reference to some other agreement or matter . . . Where the relief sought is specific execution, it is essential that the contract itself should be specific. In other words, the certainty required must extend to all the particulars essential to the enforcement of the contract."

In *Reid v. Kenworthy* 25 Kan. 701, it was said:

"A written memorandum of agreement is not sufficient within the meaning of section 6, ch. 43, of the statute of frauds and perjuries, which is merely a piece of paper containing the date thereof, the name of the place where written, the names of certain parties, and figures, and signed by the party intended to be charged thereby.

"While the form of the memorandum is not material it must state the contract with reasonable certainty, so that the substance can be made to appear and be understood from the writing itself, or by direct reference to some extrinsic instrument or writing, without having recourse to parol proof." (Syl. ¶¶ 1, 2.)

If the instrument here sued on can be said to be a complete contract it is indefinite in several particulars. It might be surmised

that the full purchase price was $3,800. But the contract states "part payment $3,800." What the full payment was to be is, therefore, not disclosed. It is suggested that the cash payment is $3,800, of which $500 is to be paid by assuming a note held by Charley Wing. Neither Charley Wing nor the note is identified. If Charley Wing holds but one $500 note there might be little difficulty in identifying it. Who is to assume the note, however, is not disclosed, nor is it disclosed when or where the note is payable. The contract does not disclose which of the parties is grantor and which grantee. It specifies that "balance to be paid in the building and loan or in monthly payments," but does not disclose the name of the building and loan association, whether it now has an encumbrance on the property which the purchaser is to assume, or whether arrangements are to be made to procure a loan on the property. Not disclosing the vendor or vendee, it does not disclose which of the parties is to have the option of paying in the building and loan or to make monthly payments not to exceed $40, nor when this unsettled part of the agreement is to be concluded. The payments might be $5 per month. This is an element of the contract left for future determination. It does not disclose who shall execute the deed, nor when.

In 27 C. J. 267, 268, it is said:

"To be sufficient as a note or a memorandum under the statute of frauds, a writing must be complete in itself, leaving nothing to rest in parol. The entire agreement must be expressed in the writing. The contract cannot rest partly in writing and partly in parol. The general rule that a contract which is not entirely in writing is to be treated as a parol or verbal contract is applicable in determining whether the contract is within the inhibition of the statute of frauds. The memorandum must contain all the essential elements or material parts of the contract."

Under the authority of *King v. Stevens*, 113 Kan. 558, the contract might be sufficient as to the description of the property, but we are of the opinion that it is so indefinite and uncertain in other respects as to be unenforceable, and that the trial court committed no error in sustaining the demurrer. (See, also, *Brundige v. Blair*, 43 Kan. 364, 23 Pac. 482; *Ross v. Allen*, 45 Kan. 231, 25 Pac. 570; *Hartshorn v. Smart*, 67 Kan. 543, 73 Pac. 73; *Hampe v. Sage*, 82 Kan. 728, 109 Pac. 406; *Watt et al. v. Wisconsin Cranberry Co.*, 63 Iowa, 730; *Broadway Hospital v. Decker*, 47 Wash. 586; 27 C. J. 275.)

The judgment is affirmed.