(42 P.3d 201)

No. 87,480

KENBY OIL COMPANY d/b/a FUELMAN, *Appellant*, v. GREG H. LANGE, *Appellee*.

—

Opinion filed March 15, 2002.

*Christopher W. O'Brien*, of Robbins, Tinker, Smith & Tinker, of Wichita, for the appellant.

*W. Thomas Gilman*, of Redmond & Nazar, L.L.P. of Wichita, for the appellee.

Before LEWIS, P.J., PIERRON and BEIER, JJ.

PIERRON, J.: Kenby Oil Company d/b/a Fuelman (Fuelman) appeals the district court's ruling that a guaranty agreement did not comply with the statute of frauds, K.S.A. 33-106, and was, therefore, unenforceable. We affirm.

Fuelman is in the business of supplying gas and related products through various retail outlets throughout the Midwest. In March 1999, Fuelman called upon Transportation Associates, LLC, (Transporation) to inquire about its interest in obtaining Fuelman credit cards for its long-distance truck drivers. Pete Stanley, a manager of Transportation, expressed interest and completed an application and agreement for credit with Fuelman. Fuelman determined it would need a personal guaranty from the "owners" of Transportation in order to approve the issuance of credit cards.

On March 11, 1999, Fuelman delivered a personal guaranty form to Transportation, with instructions to have the form signed by an owner of Transportation. The form was given to Stanley, who stated he would give the form to Greg Lange, an owner of Transportation, for his signature. Lange signed the guaranty form and

faxed the form to Fuelman. The blank preceding the phrase "hereinafter called 'Guarantor's Company' " in paragraph 1 of the agreement was not filled in at the time the form was faxed to Fuelman.

After Fuelman received the guaranty form signed by Lange, the form was signed by Bob Manire, a salesman for Fuelman, and dated March 11, 1999. The credit department at Fuelman then filled in the name "Transportation Associates" in the blank in paragraph 1 on the personal guaranty form. Fuelman approved the credit and issued credit cards to Transportation.

By May 2000, Transportation owed Fuelman over $50,000, and the credit account was seriously in default. Transportation ceased doing business in May 2000. Fuelman has never been paid by Transportation, and Transportation no longer exists. Transportation owed Fuelman $60,836.83, including 18% interest through February 27, 2001.

After failed attempts to settle the matter, Fuelman sued Lange on his personal guaranty. Lange contended he did not remember signing the guaranty or faxing it to Fuelman. At the time Lange signed the guaranty, Fuelman did not do business with any other businesses in which Lange had an ownership interest.

The district court, after receiving stipulated facts and briefs from both parties, ruled that under the statute of frauds, K.S.A. 33-106, the guaranty was unenforceable because it was incomplete. In its opinion, the court stated the personal guaranty did not describe whose obligation Lange was agreeing to guarantee, and that omission was material and, thus, fatal. The court entered judgment on behalf of Lange, denying Fuelman's claim.

The district court's opinion states the guaranty did not name the creditor. Clearly, this was an unintentional misstatement on the part of the court. The term "creditor" should have been "principal debtor." Later in the opinion, the court once again stated the guaranty form did not have the name of the "plaintiff creditor," whose obligations the defendant was agreeing to guarantee. Undoubtedly, this was also an unintentional misstatement and the term should have read "principal debtor."

The district court held that the failure to provide the name of the guarantor's company in the guaranty agreement was an omis-

sion of a material term; thus, the agreement did not comply with the statute of frauds and was unenforceable. Fuelman claims the description of the principal debtor as "Guarantor's Company" stated the name of the entity with reasonable certainty and was sufficient to comply with the statute of frauds. This issue involves the interpretation of K.S.A. 33-106. Interpretation of a statute is a question of law, and this court's review is unlimited. *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

In pertinent part, K.S.A. 33-106 provides:

"No action shall be brought whereby to charge a party upon any special promise to answer for the debt, default or miscarriage of another person; . . . unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized in writing."

*Kutilek v. Union National Bank of Wichita*, 213 Kan. 407, 516 P.2d 979 (1973), and *Walton v. Piqua State Bank*, 204 Kan. 741, 466 P.2d 316 (1970), have been cited by both parties for support.

In *Kutilek*, plaintiff signed a guaranty agreement in favor of Union National Bank, but the agreement contained two blanks when it was signed. The first blank was to show the loan amount requested at the time of the instrument's execution. The second blank was to indicate the total limit of the guarantor's liability. The district court concluded that the unfilled blanks were material omissions; thus, the document did not comply with the statute of frauds and was unenforceable. The Kansas Supreme Court affirmed the decision of the trial court:

" 'To be sufficient as a note or a memorandum under the statute of frauds (K.S.A. 33-106), a writing must be complete in itself, leaving nothing to rest in parol. The general rule that a contract which is not entirely in writing is to be treated as a parol or verbal contract, is applicable in determining whether the contract is within the inhibitions of the statute of frauds.' " 213 Kan. at 412 (quoting *Walton*, 204 Kan. 741, Syl. ¶ 1).

The *Kutilek* court commented that a guarantor is a favorite of the law and concluded that the guaranty agreement lacked the essentials of a note or memorandum under the statute of frauds and was void and unenforceable. 213 Kan. at 412.

In *Walton*, the plaintiff had a long history of providing financial assistance to her brother. She executed and delivered to Piqua State Bank a loan guaranty agreement for the purpose of guaranteeing a loan to her brother. At the time the agreement was signed, it contained many blanks. The document did not: (1) name or otherwise identify the other party to the contract; (2) state whose debt was guaranteed; (3) list the amount of the debt guaranteed; or (4) make reference to the principal obligation, the terms or conditions of repayment, the consideration, or the date of the contract.

The *Walton* court held the loan guaranty agreement signed by plaintiff lacked the essentials of a note or memorandum under the statute of frauds and was void and unenforceable. 204 Kan. at 748. In its decision, the court quoted from *Clark v. Larkin*, 172 Kan. 284, Syl. ¶ 2, 239 P.2d 970 (1952):

" 'A Memorandum, in order to be enforceable under the statute of frauds, may be any document or writing, formal or informal, signed by the party to be charged or by his lawfully authorized agent, which states with reasonable certainty (a) each party to the contract either by his own name, or by such a description as will serve to identify him, or by the name or description of his agent, (b) the land or other subject matter to which the contract relates, and (c) the terms and conditions of all the promises constituting the contract and by whom and to whom the promises are made.' " 204 Kan. at 747.

The *Walton* court further stated:

"In *Wing v. Mollett*, 115 Kan. 116, [118,] 222 Pac. 88 [1924], this court quoted with approval from 27 C.J. 267, 268:

'To be sufficient as a note or a memorandum under the statute of frauds, a writing must be complete in itself, leaving nothing to rest in parol. The entire agreement must be expressed in the writing. The contract cannot rest partly in writing and partly in parol. The general rule that a contract which is not entirely in writing is to be treated as a parol or verbal contract is applicable in determining whether the contract is within the inhibition of the statute of frauds. The memorandum must contain all the essential elements or material parts of the contract.' " 204 Kan. at 747-48.

The *Kutilek* court found the amount that was to be guaranteed was material and its omission from the guaranty agreement caused it to fail under the statute of frauds. 213 Kan. at 412. The *Walton* court found the agreement did not satisfy the statute of frauds, in part, because it did not state whose debt was guaranteed. 204 Kan.

at 748. In the instant case, much like in *Walton*, the information omitted when the agreement was signed was the identity of the principal debtor. Like the omitted information in *Walton* and *Kutilek*, this information was an essential element and a material part of the contract.

Fuelman urges this court to consider the fact that both parties stipulated Fuelman did not do business with any business other than Transportation in which Lange had an ownership interest. From this fact, Fuelman contends the only entity that could have been placed in the blank for "Guarantor's Company" was Transportation Associates. Thus, the general description of "Guarantor's Company" was sufficient and clear enough to properly identify the principal debtor and comply with the statute of frauds.

Although Fuelman's argument may be factually accurate, this court cannot consider that evidence. The document, on its face, was not complete. The principal debtor was not sufficiently identified in the guaranty agreement. Only through parol evidence can one ascertain the specific entity referred to in the guaranty agreement as "Guarantor's Company." As previously stated, to be sufficient under the statute of frauds, a writing must be complete in itself, leaving nothing to rest in parol. *Kutilek*, 213 Kan. at 412.

While the details in this case were better set out than in the above-cited cases, there was still an important element missing from the four corners of the guaranty. The law does not favor incomplete guaranties. Sophisticated vendors that leave blanks in guaranties do so at their peril. Kansas courts do not approve guaranties that are in any way incomplete.

The guaranty agreement signed by Lange lacked one of the essentials of a note or memorandum under the statute of frauds, and was void and unenforceable.

Affirmed.